IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02579-WYD-BNB

HARRY G. MARXMILLER,

Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY, COLORADO,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter arises on the defendant's **Motion to Dismiss** [Doc. #4, filed 10/21/2011] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

On September 30, 2011, the plaintiff initiated this action by filing a paper titled "Pleadings" [Doc.#1] (the "Complaint"). The Complaint contains the following allegations:

1. The plaintiff purchased a 5.5 acre parcel of land (the "Property") in 1993. The Property "is within the geographical confines of the City of Longmont, but is in unincorporated Boulder County." *Complaint*, p. 1.

2. In 1996, the plaintiff requested permission from the Boulder County Board of County Commissioners (the "Board") to build on the Property. He was told that he could not build on the Property unless he obtained a subdivision exemption. Id.

3. "After a fourteen month process," the Board agreed to allow the plaintiff to build a house and a barn on the Property, but required him to grant a conservation easement to Boulder County. The plaintiff was required to procure water from the City of Longmont and tie into the

city's sewer system. Id. He had to relinquish two shares of his water rights, which were valued at $28,000. In addition, he had to pay fees to the City of Longmont.

4. The plaintiff paid all of the required fees. Id.

5. In 2010, the plaintiff asked the Board to lift the conservation easement and allow him to subdivide the Property so that he could build another house on one acre of the Property. The Board told him that "it could be done," but he would be required to obtain another subdivision exemption, and he would have to purchase a Transfer of Development Right ("TDR"). The TDR would cost $70,000 to $80.000. Id. at pp. 1-2.

6. "After several letters and phone conversation[s]," the Board refused to lift the easement "stating that they had given just compensation at the time it issued the permit to build. That it had increased the value of the property." Id. at p. 2.

7. Directly across the street and to the east of the Property, there is a subdivision which consists of six houses on one acre lots. The subdivision is in the City of Longmont and is in unincorporated Boulder County, but no conservation easements or TDRs were required at the time the houses were built.

The plaintiff claims that the Board's actions violated the Fifth Amendment's Takings Clause and the Fourteenth Amendment's Equal Protection Clause,[1] id. at pp. 1, 2-3; that he

---

[1]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"). In addition, to the extent the plaintiff's response to the Motion attempts to assert a state law tort claim, *Response to Defendant's Motion to Dismiss* . . . . [Doc. #7], pp. 1, 4, this claim is not asserted in the Complaint. I will not address a claim raised for the first time in a brief opposing a dispositive motion. Even if the tort claim were properly asserted, this court may decline to exercise supplemental jurisdiction over a state tort claim when it has "dismissed all claims over which it

should never have been required to grant the conservation easement, id. at p. 2; and he seeks monetary damages or, in the alternative, the right to subdivide his property into two lots. Id. at p. 3.

## III. ANALYSIS

The defendant asserts that the plaintiff's claim under the Takings Clause is not ripe because he failed to pursue a state law inverse condemnation claim. *Motion,* p. 2. The defendant presents a factual challenge to the court's subject matter jurisdiction. Therefore, I do not presume the truthfulness of the Complaint's factual allegations, and I have discretion to allow affidavits and other documents to resolve disputed jurisdictional facts.

The Takings Clause of the Fifth Amendment provides: "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V.[2] "[T]he Takings Clause does not prohibit the taking of private property for public use, but rather requires compensation when a taking occurs. Such compensation does not have to be contemporaneous with the taking, so long as there is an adequate provision for obtaining compensation that exists at the time of the taking." Alto Eldorado Partnership v. County of Santa Fe, 634 F.3d 1170, 1174 (10th Cir. 2011).

A claim under the Takings Clause must be ripe. The "ripeness doctrine is rooted both in the jurisdictional requirement that Article III courts hear only 'cases and controversies' and in prudential considerations limiting our jurisdiction." Id. at 1173. The Tenth Circuit has stated:

---

has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the plaintiff's constitutional claims are barred, the court should decline to exercise supplemental jurisdiction over the remaining state tort claim.

[2]The clause is applied to the States through the Fourteenth Amendment.

> The Supreme Court has outlined a two-prong ripeness test for regulatory Takings Clause claims. First, there must be a final decision about how a regulation will be applied to the property in question, including whether the implementing administrative body will grant any waiver or variance. [Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172,] 186–91, 105 S.Ct. 3108. Second, a property owner may not challenge regulatory action under the Takings Clause until the owner has sought compensation, assuming adequate procedures exist for doing so. Id. at 194, 105 S.Ct. 3108. Because contemporaneous compensation is not constitutionally required, if the state provides a mechanism for seeking compensation, the property owner must utilize the procedure and be denied just compensation before a takings claim is ripe. Id. at 194–95, 105 S.Ct. 3108.

Id.

Colorado has a procedure through which the plaintiff may seek compensation for the County's regulation of his property. Colo. Rev. Stat. § 38-1-101, *et seq.* (2011); Jorgenson v. City of Aurora, 767 P.2d 756, 758-59 (Colo. App. 1988) (holding that under Williamson, plaintiff could not maintain an action under 42 U.S.C. § 1983 because he had the available remedy of an inverse condemnation action under Colorado law).[3]

The plaintiff bears the burden of demonstrating federal jurisdiction. Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008). He does not allege, in his Complaint or elsewhere, that he brought an inverse condemnation action prior to asserting his takings claim in this court. His allegations that he wrote letters to and had conversations with the Board are

---

[3]The court defined inverse condemnation as "the taking of private property for public or private use, without compensation, by a governmental or public entity which has refused to exercise its eminent domain power." Jorgenson, 767 P.2d at 758. The court further stated that "[i]nverse condemnation proceedings are appropriate where the underlying activity warrants condemnation pursuant to the entity's eminent domain power." Id.

insufficient to establish that his takings claim is ripe. Olson v. At&T Corp., 431 Fed.Appx. 689, 692 (10th Cir. July 13, 2011).

Moreover, "[t]he Tenth Circuit repeatedly has held that the ripeness requirement of *Williamson* applies to due process and equal protection claims that rest upon the same facts as a concomitant takings claim." Bateman, 89 F.3d at 709. Because the plaintiff's equal protection challenge arises from the same facts as his takings claim, the equal protection claim also is not ripe for review.

The defendant asserts that the plaintiff's takings claim must be dismissed with prejudice because it is barred by the applicable statute of limitation. *Motion*, pp. 3-4. "A dismissal for lack of subject matter jurisdiction must be without prejudice because the court, having determined that it lacks jurisdiction over the action , is *incapable* of reaching a disposition on the merits of the underlying claims." Kelly v. Wilson, 426 Fed.Appx. 629, 633 (10th Cir. June 13, 2011) (emphasis in original) (internal quotations omitted) (citing Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006); Martinez v. Richardson, 472 F.2d 1121, 1126 (10th Cir. 1973)).

## IV. CONCLUSION

I respectfully RECOMMEND:

1. The Motion [Doc. # 4] be GRANTED insofar as it seeks dismissal of the plaintiff's claims for lack of subject matter jurisdiction; and

2. The plaintiff's claims be DISMISSED WITHOUT PREJUDICE.[4]

Dated July 10, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[4]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).