IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02579-WYD-BNB

HARRY G. MARXMILLER,

      Plaintiff,

v.

BOARD OF COUNTY OF COMMISSIONERS OF BOULDER COUNTY, COLORADO,

      Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on the Defendant's Motion to Dismiss (ECF No. 4), filed October 21, 2011.  The matter was referred to Magistrate Judge Boland for a Recommendation by Order of Reference dated October 5, 2011.  On July 10, 2012, Magistrate Judge Boland issued a Recommendation (ECF No. 15), which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Boland recommends therein that Defendant's motion to dismiss be granted without prejudice for lack of subject matter jurisdiction.  Magistrate Judge Boland advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendations.  On July 24, 2012, Plaintiff filed objections to the Recommendation which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  Fed. R. Civ. P. 72(b); 28

U.S.C. § 636(b)(1).

II.   BACKGROUND

As more thoroughly discussed by Magistrate Judge Boland in his Recommendation, this action involves a dispute over a 5.5 acre parcel of land (the "Property") located in unincorporated Boulder County.  In 1993, Plaintiff purchased the Property.  The Boulder County Board of County Commissioners (the "Board") granted Plaintiff permission to build on the Property "but required him to grant a conservation easement to Boulder County.  The plaintiff was required to procure water from the City of Longmont and tie into the city's sewer system. . . .  He had to relinquish two shares of his water rights, which were valued at $28,000.  In addition, he had to pay all of the required fees."  (Recommendation at 2-3).  In 2010, Plaintiff asked the Board to lift the conservation easement and allow him to subdivide the Property.  The Board refused to lift the easement.  Consequently, Plaintiff commenced this lawsuit claiming that the Board's actions violate the Fifth Amendment's Takings Clause and the Fourteenth Amendment's Equal Protection Clause.

III.   RECOMMENDATION

Magistrate Judge Boland noted that in its motion, the Defendant challenges the Court's subject matter jurisdiction by asserting that the Plaintiff's claim under the Takings Clause is not ripe because Plaintiff failed to pursue a state law inverse condemnation claim.  (Recommendation at 4).

A.   Standard of Review

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear.  *Todd Holding Co., Inc. v.*

*v. Super Value Stores, Inc.*, 744 F. Supp. 1025, 1026 (D. Colo. 1990).  Thus, the court

must satisfy itself of subject matter jurisdiction before proceeding to the merits of a claim.

*Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1309-10

(10th Cir. 1998).  "[T]he burden is on the party claiming jurisdiction to show it by a

preponderance of the evidence."  *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).

"Mere conclusory allegations of jurisdiction are not enough."  *United States, ex rel. Hafter*

*v. Spectrum Emergency Care, Inc.*, 190 F.3d 1196, 1160 (10th Cir. 1999).  Where a party

moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1), the attack can be either a facial attack to the allegations of the complaint or a

factual attack.  *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).  Where

there is a facial attack, the court must look to the factual allegations of the Complaint.

*Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971).  In a factual attack, the court

may consider matters outside the pleadings, and the motion is not converted to a motion

for summary judgment.  *Id.*; *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992).

1992).

B.   Discussion

Magistrate Judge Boland correctly noted that the Takings Clause of the Fifth

Amendment reads as follows:  "nor shall private property be taken for public use,

without just compensation."  U.S. Const. amend. V.  "[T]he Takings Clause does not

prohibit the taking of private property for public use, but rather requires compensation

when a taking occurs.  Such compensation does not have to be contemporaneous with

the taking, so long as there is an adequate provision for obtaining compensation that

exists at the time of the taking."  *Alto Eldorado Partnership v. County of Santa Fe*, 634

F.3d 1170, 1174 (10th Cir. 2011).

Magistrate Judge Boland found that a claim asserted under the Takings Clause must be ripe.  (Recommendation at 4).  Pursuant to Tenth Circuit authority and Colorado law, Magistrate Judge Boland concluded that "Colorado has a procedure through which the plaintiff may seek compensation for the County's regulation of his property."  (Recommendation at 4-5).  Thus, since "the state provides a mechanism for seeking compensation, the property owner must utilize the procedure and be denied just compensation before a takings claim is ripe."  *Alto Eldorado Partnership*, 634 F.3d at 1173.  Magistrate Judge Boland determined that Plaintiff failed to allege that "he brought an inverse condemnation action prior to asserting his takings claim in this court. His allegations that he wrote letters to and had conversations with the Board are insufficient to establish that his takings claim is ripe."  (Recommendation at 5-6). Magistrate Judge Boland went on to conclude that since Plaintiff's "equal protection challenge arises from the same facts as his takings claim, the equal protection claim also is not ripe for review."  (Recommendation at 6).  Accordingly, Magistrate Judge Boland recommends that Defendant's motion to dismiss be granted without prejudice for lack of subject matter jurisdiction.

On July 24, 2012, Plaintiff filed a "response" to Magistrate Judge Boland's Recommendation, which I construe as a timely objection pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b).  In his objection, Plaintiff cites excerpts from the Recommendation along with various orders issued in this case by both myself and Magistrate Judge Boland.  *See* ECF No. 2, Order of Reference to Magistrate Judge and and ECF No. 15, Recommendation.  Plaintiff goes on to argue that had he been given

the opportunity to participate in discovery, additional non-dispositive motions, and an evidentiary hearing, he could have "persuaded the court that it has jurisdiction over the case." (Objection at 2-3).  However, I do note that while Plaintiff substantively responded to the motion to dismiss in his response, he failed to mention that he was never afforded the opportunity to present his case.  Also, in the objection, Plaintiff failed to specifically challenge or even address Magistrate Judge Boland's conclusion that the Takings Claim is not ripe.  A party's objections to a recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court.  *See United States v. One Parcel of Real* Property, 73 F.3d 1057, 1060 (10th Cir. 1996).  For these reasons, Plaintiff's general objection is overruled.  I find that Plaintiff had the opportunity, through the briefing on the motion to dismiss, to present his arguments to Magistrate Judge Boland.

Based on my review of the relevant record and controlling law, I agree with Magistrate Judge Boland that this Court does not have subject matter jurisdiction over Plaintiff's Takings Claim as it is not ripe.  Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I find that Magistrate Judge Boland's Recommendation is thorough, well reasoned and sound.  I agree with Magistrate Judge Boland that Defendant's motion to dismiss should be granted without prejudice for the reasons stated in both the Recommendation and this Order.

IV.  <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge Boland (ECF No. 15) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

FURTHER ORDERED that the Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED** to the extent that it seeks dismissal of this case for lack of subject matter jurisdiction.  This matter is **DISMISSED WITHOUT PREJUDICE.**

Dated:  September 13, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge